```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PURUSHOTTAM C. KALOLA,                       :
                Plaintiff,                   :
v.                                           :      OPINION AND ORDER
                                             :
INTERNATIONAL BUSINESS MACHINES              :      19 CV 9900 (VB)
CORPORATION ("IBM"), VIRGINIA                :
ROMETTY, MICHELLE H. BROWDY,                 :
JACKSON LEWIS P.C., KEVIN G. LAURI,          :
DANA GLICK WEISBROD, and MINA                :
WOOD,                                        :
                Defendants.                  :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Purushottam C. Kalola, proceeding pro se, brings this action against his previous employer, International Business Machines Corporation ("IBM"), two current IBM employees, and the law firm and three attorneys who represented IBM in plaintiff's prior lawsuit, Kalola v. Int'l Bus. Machs. Corp. (13 VB 7339) (VB) (the "Original Action"). Plaintiff's complaint includes various federal and state law claims relating to both the adjudication of the Original Action and termination of his employment from IBM.

Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #10).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

I.      The Original Action[1]

Plaintiff worked for IBM from 1999 until his termination in October 2011.  In 2013, plaintiff commenced the Original Action against IBM and several IBM employees, alleging violations of Title VII of the Civil Rights of 1964, 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 et seq., and the New York Human Rights Law (the "Human Rights Law"), N.Y. Exec. Law §§ 290 et seq.  In sum, plaintiff alleged both federal and state law discrimination, retaliation, hostile work environment, and failure to accommodate claims.

Jackson Lewis P.C. represented the defendants—IBM and some of its employees—in the Original Action.

On February 3, 2015, the Court granted in part and denied in part defendants' motion to dismiss the complaint in the Original Action, thus allowing several of plaintiff's claims to proceed.  Kalola v. Int'l Bus. Machs. Corp., 2015 WL 861718 (S.D.N.Y. Feb. 3, 2015).[2]  Those claims, however, did not survive summary judgment.  Indeed, on August 4, 2017, the Court adopted Magistrate Judge Lisa Margaret Smith's February 28, 2017, Report and Recommendation, and granted defendants' motion for summary judgment.  Kalola v. Int'l Bus.

---

[1]     The Original Action proceeded before this Court.

[2]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Machs. Corp., 2017 WL 3381896 (S.D.N.Y. Aug. 4, 2017). The Clerk entered judgment for IBM and its employees on August 7, 2017.

Plaintiff appealed the Court's decision to the Second Circuit. On January 24, 2018, the Second Circuit denied plaintiff's appeal as lacking "an arguable basis either in law or fact." Kalola v. Int'l Bus. Machs. Corp., 2018 WL 894064, at *1 (2d Cir. Jan. 24, 2018).

II. The Instant Action

Plaintiff commenced the instant action on June 24, 2019, by filing a complaint in Supreme Court, Westchester County, against IBM, IBM's current Chief Executive Officer Virginia Rometty ("Rometty"), IBM's current Senior Vice President and General Counsel Michelle H. Browdy ("Browdy"), as well as Jackson Lewis P.C. and three of its attorneys, Kevin G. Lauri, Dana Glick Weisbrod, and Mina Wood (together, the "JL defendants").

Defendants removed the instant action to this Court on October 25, 2019. (Doc. #1).

Plaintiff's complaint spans thirty-six pages, contains various links to insignificant Internet postings, videos, and other materials, and is hardly a model of clarity. Construed liberally, the complaint contains a host of federal and state law claims against the defendants, discussed herein.

**DISCUSSION**

I. Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

A court assessing a Rule 12(b)(6) motion may "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Courts also may consider documents deemed "integral" to the complaint, id., and any matters subject to judicial notice, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.     Criminal Claims

Plaintiff alleges the JL defendants violated multiple federal and state criminal statutes in their defense of IBM and its employees in the Original Action. Liberally construed, the complaint contains allegations that the JL defendants violated 18 U.S.C. §§ 241 and 242 (conspiracy to interfere with and deprivation of federal civil rights), 371 (conspiracy to commit offense against or to defraud the United States), 666(a)(1) (theft or bribery concerning programs receiving federal funds), 1001 (false statements), 1343 (wire fraud), 1349 (attempt and conspiracy), 1519 (destruction, alteration, or falsification of records in federal investigations and bankruptcy), 1621 (perjury), and 1623 (false declarations before a grand jury or court), and Article 175 of New York's Penal Law (offenses involving written statements).

Defendants argue plaintiff cannot maintain claims for violations of the above criminal statutes.

The Court agrees.

"[N]o private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action." Nath v. Select Portfolio Serv., Inc., 732 F. App'x 85, 87 (2d Cir. 2018) (summary order). Similarly, absent any indication to the contrary, "criminal charges under New York law cannot be prosecuted by a private person." Patterson v. Patterson, 2019 WL 1284346, at *7 (W.D.N.Y. Mar. 20, 2019) (collecting cases).

Here, no private right of action exists under the criminal statutes enumerated above. See, e.g., Nath v. Select Portfolio Serv., Inc., 732 F. App'x at 87 (no private cause of action under 18 U.S.C. § 1343); Bruin v. White, 2019 WL 4889270, at *4 (W.D. Ky. Oct. 3, 2019) (no private

5

cause of action under 18 U.S.C. § 1519); El v. O'Brien, 2012 WL 2367096, at *2 (E.D.N.Y. June 20, 2012) (no private cause of action under 18 U.S.C. § 1349); Piorkowski v. Parziale, 2003 WL 21037353, at *8 (D. Conn. May 7, 2003) (no private cause of action under 18 U.S.C. §§ 666, 1001, 1621, or 1623); Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (no private cause of action under 18 U.S.C. §§ 241, 242, or 371); see also Zahl v. Kosovsky, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011) (no private right of action under N.Y. Penal Law Article 175).

Accordingly, plaintiff's criminal claims against the JL defendants must be dismissed.

III. Federal Civil Claim

Defendants argue plaintiff's claim under 28 U.S.C. § 4101, to the extent one is pleaded, must be dismissed.

The Court agrees.

Section 4101 of Chapter 181 of the U.S. Code concerns foreign judgments. Specifically, it provides definitions for terms in Chapter 181, including "defamation." 28 U.S.C. § 4101. Plaintiff alleges defendants defamed him in connection with the Original Action.

However, plaintiff fails to state a claim under Section 4101, as there are no foreign defamation judgments at issue in this case. Moreover, the claim is entirely conclusory. Accordingly, the claim must be dismissed.

IV. Defamation Claims

Defendants argue plaintiff's state law defamation claims must be dismissed as untimely.

The Court agrees.

Notwithstanding plaintiff's failure to meet threshold pleading requirements to maintain valid defamation claims, Dillon v. City of New York, 261 A.D.2d 34, 38 (1st Dep't 1999), the

6

claims are governed by a one-year statute of limitations. N.Y. C.P.L.R. § 215 (requiring an action for "libel, slander, [or] false words causing special damages" be "commenced within one year.").

To the extent plaintiff asserts claims of defamatory conduct respecting the termination of his employment with IBM in 2011, such claims are untimely. Likewise, any claims respecting defendants' alleged defamatory conduct during the Original Action are also time-barred, as the Original Action ended in August 2017, and plaintiff's appeal was dismissed in January 2018, more than one year before plaintiff commenced the instant action.

Accordingly, plaintiff's defamation claims must be dismissed.

V.  Fraud Claims

Defendants argue plaintiff's claims for fraud and conspiracy to commit fraud must be dismissed because the complaint fails to state such claims with particularity.

The Court agrees.

Rule 9 of the Federal Rules of Civil Procedure states in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000).

Plaintiff's complaint does not satisfy these pleading requirements. Simply, it fails to describe particular conduct, let alone any conduct, relating to either the Original Action or the events of his employment termination, that was fraudulent. Mere conclusory statements that

defendants committed fraud, no matter how frequently repeated, are insufficient to maintain claims for fraud or conspiracy to commit fraud.

Accordingly, plaintiff's claims of fraud and conspiracy to commit fraud must be dismissed.

So too must plaintiff's claim that defendants committed fraud on the Court.

"A fraud on the court occurs where it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense." Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010).

Here, the complaint contains no plausible allegations suggesting defendants committed fraud on this Court, either in the instant case or the Original Action. Accordingly, such claim must be dismissed.

VI. Civil Conspiracy Claim

Defendants argue the complaint does not assert an actionable claim of civil conspiracy.

The Court agrees.

Under New York law, to properly plead a claim of civil conspiracy, "the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement." McSpedon v. Levine, 158 A.D.3d 618, 621 (2d Dep't 2018).

Because the complaint fails to state a cognizable tort claim, plaintiff's conclusory claim of civil conspiracy must be dismissed.

VII.　Legal Ethical Rules Claims

Defendants argue plaintiff's claims against the JL defendants for violations of legal ethical rules must be dismissed, because no private right of action exists to maintain claims for violations of Rule 8.4 of the Rules of Professional Conduct and plaintiff does not have standing to maintain an action for violation of 22 N.Y.C.R.R. § 1215.1.

The Court agrees.

First, the New York Lawyer's Code of Professional Responsibility and the American Bar Association's Model Rules of Professional Conduct do not create private rights of action for alleged attorney misconduct. See Raghavendra v. NLRB, 2009 WL 5908013, at *22 (S.D.N.Y. Aug. 27, 2009) (Pitman, M.J.) (citing Cohen v. Lupo, 927 F.2d 363, 365 (8th Cir. 1991)).

Second, Section 1215.1 merely requires written letters of engagement between counsel and clients. 22 N.Y.C.R.R. § 1215.1. The rule does not concern "attorney discipline in any way, shape, or form." Seth Rubenstein, P.C. v. Ganea, 41 A.D.3d 54, 60 (2d Dep't 2007). Rather, its purpose is to prod "attorneys to memorialize the terms of their retainer agreements . . . [to] minimize[] potential conflicts and misunderstandings between the bar and clientele." Id. at 61.

Plaintiff's claim that the JL defendants violated § 1215.1 plainly is inapposite. The JL defendants represented IBM and its employees, not plaintiff, in the Original Action, just as they do presently.

For the reasons above, any claims by plaintiff against the JL defendants for violations of legal ethical rules and 22 N.Y.C.R.R. § 1215.1 must be dismissed.

VIII.  Claim and Issue Preclusion

Defendants argue plaintiff's attempts to relitigate claims he brought in the Original Action, and to litigate claims that could have been brought in the Original Action, should be dismissed.

The Court agrees.

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002).  "Res judicata, or claim preclusion, means that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action.'"  Lobban v. Cromwell Towers Apts., L.P., 345 F. Supp. 3d 334, 343–44 (S.D.N.Y. 2018) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

An order of dismissal for failure to state a claim constitutes a final judgment on the merits.  Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, 202 F. Supp. 2d 126, 136 (S.D.N.Y. 2002).  Likewise, "[c]laims adjudicated through summary judgment are regarded as final judgments on the merits."  Manbeck v. Micka, 640 F. Supp. 2d 351, 364 (S.D.N.Y. 2009).

Construed liberally, the complaint attempts to relitigate claims that were adjudicated in the Original Action, or claims arising from the same transactions or occurrences as those comprising the Original Action.  For the reasons above, plaintiff's attempt to litigate such issues are barred on grounds of res judicata and collateral estoppel.

Moreover, the complaint does not contain any independent allegations against defendants IBM, Rometty, or Browdy which differ from plaintiff's claims in the Original Action against

IBM and other managerial employees. For this reason, the complaint fails entirely to state a claim against these defendants.

Accordingly, the complaint must be dismissed inasmuch as it attempts to relitigate the Original Action or issues arising from the same facts which gave rise to the Original Action.

IX.     Futility of Amendment

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to a pro se litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The complaint, even liberally construed, gives no indication that a valid claim might be stated or of a claim plaintiff "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe." See Cuoco v. Moritsugu, 222 F.3d at 112. The problems with plaintiff's claims are substantive, and better pleading will not cure them. Indeed, there appears no

plausible, factual predicate for any of plaintiff's claims. For these reasons, amendment would be futile.

Accordingly, the Court concludes plaintiff would not be able to state a valid claim if given an opportunity to amend his pleading.

## CONCLUSION

The motion to dismiss is GRANTED.

Plaintiff and defendants shall bear their own costs in connection with this case.

The Clerk is instructed to terminate the motion (Doc. #10) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: December 16, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge